IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, </br></br> IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, </br></br> PAUL E. FLASCH, as Administrative Manager, </br></br> Plaintiffs, </br></br> vs. </br></br> DUPAGE OVERHEAD GARAGE DOORS, INC., an Illinois corporation, </br></br> Defendant. | Case No. 25-cv-11193 </br></br> Hon. Judge John J. Tharp, Jr. |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Now comes Defendant, DUPAGE OVERHEAD GARAGE DOORS, INC., an Illinois Corporation, by and through its undersigned counsel, Allocco, Miller and Cahill, P.C., for its Answer to Plaintiffs' Complaint. Defendant states as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

**ANSWER:** Defendant admits the allegations in Paragraph 1.

2. Plaintiffs, the IRON WORKERS' MID-AMERICA PENSION PLAN and IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, are pension and related joint, labor management funds and bring this action as "employee pension

1

benefit funds," and "plans," under ERISA and Plaintiff, PAUL E. FLASCH, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District and Division.

**ANSWER:** Defendant admits the allegations in Paragraph 2.

3. Defendant is obligated to make fringe benefit contributions to the Funds under the terms of the Agreements and Declarations of Trust establishing and outlining the administration of these Funds, and pursuant to the terms of one or more collective bargaining agreements entered by Defendant.

**ANSWER:** Defendant admits the allegations in Paragraph 3.

4. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically required to do the following:

(a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked or for which wages were received in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To have a duly authorized agent verify said reports by signature and to accompany the reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 1 ½% per month on the whole amount of contributions remaining from time to time unpaid, together with interest as provided in ERISA, 29 U.S.C. § 1132(g);

(e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

  (f)  To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

  (g)  To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

**ANSWER:** Defendant admits the allegations in Paragraph 4.

5.  Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respects:

> Defendant has failed to make payment of contributions, liquidated damages, and audit fees based upon an audit of the Defendant's payroll records showing Defendant to have been delinquent in the payment of contributions and to have reported hours worked by its Employees incorrectly to Plaintiffs;

**ANSWER:** Defendant denies the allegations in Paragraph 5.

6.  That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $391,363.79, known to be due Plaintiffs from Defendant, subject to the possibility that additional monies may be due Plaintiffs from Defendant based upon Defendant's failure to submit required reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages may come due during the pendency of this lawsuit.

**ANSWER:** Defendant denies the allegations in Paragraph 6.

7.  Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

**ANSWER:** Defendant denies the allegations in Paragraph 7.

8. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**ANSWER:** Defendant denies the allegations in Paragraph 8.

                        Respectfully submitted,

                        DUPAGE OVERHEAD GARAGE DOORS, INC.

                        By:    /s/ Todd A. Miller_____

Attorney for the Defendant:

Todd A. Miller (tam@alloccomiller.com)
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that he electronically filed the attached, *Defendant's Answer to Plaintiffs' Complaint*, with the Clerk of the Court using the CM/ECF system on this 16th day of October 2025, which will send notice of such filings to the following:

Carson W. Fallo<br>
Baum Sigman Auerbach & Neuman, LTD.<br>
200 West Adams Street, Suite 1825<br>
Chicago, IL 60606<br>
cfallo@baumsigman.com

                                              /s/ Todd A. Miller

Attorney for the Defendant:

Todd A. Miller (tam@alloccomiller.com)
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326