IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRON WORKERS' MID-AMERICA )
PENSION PLAN, *et al.*, )
                                   )
              Plaintiffs, )       CIVIL ACTION
                                     )
     vs. )       NO. 25 C 11193
                                     )
DUPAGE OVERHEAD GARAGE )       JUDGE JOHN J. THARP, JR.
DOORS, INC., an Illinois corporation, )
                                     )
              Defendant. )

**JOINT INITIAL STATUS REPORT**

NOW COME the Plaintiffs, IRON WORKERS' MID-AMERICA PENSION PLAN, *et al.*, and Defendant, DUPAGE OVERHEAD GARAGE DOORS, INC., an Illinois corporation, by and through their attorneys, for their Joint Initial Status Report, pursuant to this Court Order of October 17, 2025 [Dkt.10] state the following:

1.     The Nature of the Case:

         A.     Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

                Catherine M. Chapman and Carson W. Fallo of Baum Sigman Auerbach & Neuman, Ltd. are attorneys of record for the Plaintiffs. Carson W. Fallo will be the lead trial attorney.

                Todd A. Miller and Kathleen M. Cahill of Allocco, Miller and Cahill, P.C. are attorneys of record for the Defendant. Todd A. Miller will be the lead trial attorney.

         B.     Briefly describe the nature of the claims asserted in the complaint and any Counterclaims and/or third-party claims.

                The nature of the claims asserted in Plaintiffs' Complaint is the enforcement of the Defendant's compliance with its obligations to submit to an audit of its payroll books and records and to remit payment to Plaintiffs of any and all amounts found due pursuant to the audit, including fringe benefit contributions, liquidated

damages, interest, audit fees, court costs and attorneys' fees, pursuant to a collective bargaining agreement, Trust Agreement, and ERISA.

Based on the audit performed on Defendant's books and records for the time period of July 1, 2022, through December 31, 2023, Plaintiffs allege Defendant owes $391,363.79 to the Plaintiffs.

Defendant denies that it owes the amounts claimed by Plaintiffs. Defendant asserts that the majority of the individuals for whom Plaintiffs seek contributions were Union Carpenters and Defendant properly reported and remitted all applicable fringe benefit contributions and union dues to the Carpenters Funds and Union. Therefore, it is Defendant's position it does not owe the amounts claimed due by Plaintiffs.

At this time, there are no counterclaims or cross claims.

C.      Briefly identify the major legal and factual issues in the case.

The major legal issue in this case is whether Defendant violated ERISA by failing to remit payment of all fringe benefit contribution, liquidated damages, interest, and audit fees due pursuant to an audit of Defendant's payroll books and records performed for the audit period of July 1, 2022 through December 31, 2023.

The major factual issue concerns whether Defendant is obligated and has failed to remit payment of contributions, liquidated damages, interest, audit fees and Plaintiffs' court costs and attorneys' fees.

D.      State the relief sought by any of the parties.

Plaintiffs will be seeking a money judgment to include contributions, liquidated damages, interest and audit fees due pursuant to the audit of Defendant's payroll books and records for the audit period of July 1, 2022 through December 31, 2023. Plaintiffs will also seek their attorneys' fees and costs incurred in this litigation.

2.      Jurisdiction:  Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

A.      Identify all federal statutes on which federal question jurisdiction is based.

This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145. The Court therefore has subject matter jurisdiction under 28 U.S.C. § 1331.

B.      If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

(1)     State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

n/a.

(2)     Identify the state of citizenship of each named party.  For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

**NOTE 1:**  Individuals are citizens of the state where they are domiciled; that may or may not be the state where they currently reside. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

**NOTE 2:**  The report must address whether there is diversity in any case in which pendent jurisdiction over state law claims is asserted, so that the Court may exercise informed discretion about whether to resolve such claims in the event that the federal question claims are resolved or dismissed.

The state of citizenship of each named party is Illinois.

3.     Status of Service:  Identify any defendants that have not been served.

Defendant has not been served; Plaintiffs' process server made six (6) attempts to serve Defendant between September 24, 2025 and October 21, 2025. Despite the fact that Defendant has not been served with Plaintiffs' Summons and Complaint, on September 30, 2025, Defendant's counsel filed their appearances. On October 16, 2025, Defendant's counsel filed Defendant's Answer to Plaintiffs' Complaint.

4.     Consent to Proceed Before a United States Magistrate Judge:  Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.  Do NOT report whether individual parties have so consented.

The parties are aware that they may proceed before a Magistrate Judge.  The parties do not unanimously consent to proceed before a Magistrate Judge.

5.     Motions:

A.     Briefly describe any pending motions.

n/a.

B.     State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

Defendant answered Plaintiffs' Complaint on October 16, 2025.

**NOTE 3:** If the latter, counsel should be prepared to discuss at the Initial Status Hearing the basis of the anticipated motion.

6. Status of Settlement Discussions:

   A. Indicate whether any settlement discussions have occurred;

   Prior to the filing of this lawsuit, Defendant submitted a settlement offer to Plaintiffs to resolve the audit at issue in this case. Plaintiffs rejected that offer. To date, the parties have not engaged in any further settlement discussions.

   B. Describe the status of any settlement discussions; and

   n/a.

   C. Whether the parties request a settlement conference.

   The parties do not request a settlement conference at this time.

   **NOTE 4:** Do <u>NOT</u> provide the particulars of any demands/offers that have been made.

7. Proposed Case Management Schedule to include at least the following dates:

   A. Initial disclosures per Rule 26(a)(1) and 26(e)(1)

   November 14, 2025.

   B. Deadline to join parties or to seek leave to amend

   December 15, 2025.

   C. Close of fact discovery

   March 30, 2026.

   D. Close of expert discovery (if contemplated)

   n/a.

   E. Deadlines to file class certification, Daubert motions, and summary judgment motions (if contemplated)

   May 14, 2026.

/s/ Carson W. Fallo
Carson W. Fallo
Attorneys for the Plaintiffs
Baum Sigman Auerbach & Neuman, Ltd.
200 West Adams Street, Suite 1825
Chicago, IL  60606-5250
Bar No.: 6345253
Telephone: (312) 216-2550
Facsimile: (312) 236-0241
E-Mail: cfallo@baumsigman.com

/s/  Todd A. Miller
Todd A. Miller
Kathleen M. Cahill
Attorneys for Defendant
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL  60606-3108
Bar No.:  6216561
Bar No.:  6269486
Telephone:  (312) 288-8220
E-Mail:  tam@alloccomiller.com
E-Mail:  kmc@alloccomiller.com

I:\MIDJ\DuPage Overhead Door\2025\joint initial status report.cwf.msd. 10-30-25.docx

5